**Michael GOODWIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–94–00150–CR.

Court of Appeals of Texas,
San Antonio.

March 31, 1995.

Samuel B. Bayless, Moulton S. Dowler, Jr., Gresham, Davis, Gregory, Worthy & Moore, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

## OPINION

CHAPA, Chief Justice.

Appellant Michael Goodwin appeals his conviction for the offense of aggravated assault. The jury assessed punishment at confinement for six years and a fine of $10,-000.00, with recommendations for probation.

The issue before this court is whether the trial court committed reversible error in overruling appellant's objection to the State's peremptory challenges of prospective jurors Vanessa Jones–Jimenez and Era Ford Shine. The appellant contends that the State improperly challenged the jurors because they were African–Americans, in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The judgment is affirmed.

In *Batson,* the United States Supreme Court announced its disapproval of the State's systematic exclusion from the jury of persons of the same race as the defendant, stating that (1) when a criminal defendant presents "a prima facie case of purposeful discrimination by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose"; (2) "the burden [then] shifts to the State to explain adequate-ly the racial exclusion ... [by] demonstrat[ing] that 'permissible racially neutral selection criteria and procedures have produced the monochromatic result' "; (3) which the defendant can rebut; and (4) that a "single individually discriminatory governmental act" will suffice to cause a reversal. *Id.* at 93–95, 106 S.Ct. at 1721–22, 90 L.Ed.2d at 85–87. It is no longer required, however, that the defendant be of the same race as the excluded juror. *Powers v. Ohio,* 499 U.S. 400, 415, 111 S.Ct. 1364, 1373, 113 L.Ed.2d 411, 428 (1991); *see Linscomb v. State,* 829 S.W.2d 164, 165 n. 6 (Tex.Crim.App.1992).

The Texas Court of Criminal Appeals recognized the dictates of *Batson* and adopted a standard of review for such cases in Texas, stating that the court will "consider the evidence in the light most favorable to the trial judge's rulings and ... [i]f the record supports the findings of the trial judge, they will not be disturbed on appeal." *Keeton v. State,* 749 S.W.2d 861, 870 (Tex.Crim.App. 1988).

Subsequently, the court of criminal appeals modified its holding in *Keeton* and declared that the proper standard of review in *Batson* cases is "whether the trial judge's findings of fact are clearly erroneous," and noted that the findings "should be accorded great deference." *Whitsey v. State,* 796 S.W.2d 707, 726 (Tex.Crim.App.1989) (opinion on rehearing, September 19, 1990).

To establish a prima facie case, "the defendant must show that 'relevant circumstances raise an inference that the prosecutor used ... [the peremptory challenge] practice to exclude ... veniremen from the petit jury on account of their race.' " *Linscomb,* 829 S.W.2d at 165 (quoting *Batson,* 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87). A reviewing court can infer that the trial court found the existence of a prima facie case by the mere fact that a *Batson* hearing was held. *See Tennard v. State,* 802 S.W.2d 678, 681 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). The burden of production then shifts to the State to present a neutral explanation for its exercise of the peremptory challenge. *Id.* The State must give "clear and reasonably specific" explana-

tions of "legitimate reasons" for its use of peremptory challenges. *Whitsey,* 796 S.W.2d at 713 (citing *Batson,* 476 U.S. at 98 n. 20, 106 S.Ct. at 1724 n. 20, 90 L.Ed.2d at 88–89 n. 20). " 'The trial court must then determine whether despite the State's explanation, the defendant has established purposeful discrimination.' " *Tennard,* 802 S.W.2d at 680 (quoting *Keeton v. State,* 724 S.W.2d 58, 65 (Tex.Crim.App.1987)). The ultimate burden of persuasion remains at all times with the defendant to prove the existence of purposeful discrimination by a preponderance of the evidence. *Id.* at 681.

If the determination of the trial court is supported by the record, then it is not clearly erroneous. *Id.; Whitsey,* 796 S.W.2d at 723. Further, the trial court is the finder of fact and must weigh the evidence and assess the credibility of the witnesses. *Tennard,* 802 S.W.2d at 680–81. Its findings are entitled to great deference. *Id.* at 680. A reviewing court may not reverse the finding of the trier of fact merely because it would have decided the case differently. *Whitsey,* 796 S.W.2d at 722.

An explanation for the exercise of a peremptory strike that is based on nonverbal responses or subjective reasons is not necessarily insufficient to rebut the presumption of discrimination, but it merits closer scrutiny than an explanation based on objective reasons. *See Branch v. State,* 774 S.W.2d 781, 784–85 (Tex.App.—El Paso 1989, pet. ref'd).

Although we are unwilling to say that a juror's demeanor cannot ever be a racially neutral motive for a prosecutor's peremptory challenge, the protection of the constitutional guarantees that *Batson* recognizes requires the court to scrutinize such elusive, intangible, and easily contrived explanations with a healthy skepticism.

*Daniels v. State,* 768 S.W.2d 314, 317 (Tex. App.—Tyler 1988, pet. ref'd); *accord Woods v. State,* 801 S.W.2d 932, 937 (Tex.App.— Austin 1990, pet. ref'd).

The record reflects that there were four African–Americans on the venire, and that the State used only two of its ten peremptory strikes on venirepersons Vanessa Jones–Jimenez and Era Ford Shine, both African–Americans. The result was that the two remaining African–Americans on the venire were sworn in as jurors. Moreover, the record reflects that the appellant is Anglo–American. These circumstances alone do not show a clear general discriminatory pattern of the State's use of its peremptory challenges. *See Keeton,* 749 S.W.2d at 868. Because the trial court held a *Batson* hearing, however, we may infer that the trial court found the defendant had presented a prima facie case giving rise to an "inference of discriminatory purpose." *Batson,* 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87; *see Tennard,* 802 S.W.2d at 681.

During the *Batson* hearing, the State assumed its burden of presenting "clear and reasonably specific" explanations of "legitimate reasons" for its use of the peremptory challenges in question. *See Whitsey,* 796 S.W.2d at 713. The State explained that Mrs. Jones–Jimenez was struck because of inconsistencies between her juror card and her answers to the prosecutor, a contention supported by the record. *See Parramore v. State,* 853 S.W.2d 741, 745 (Tex.App.—Corpus Christi 1993, pet. ref'd). The State further expressed concern that Mrs. Jones–Jimenez would be desensitized to the photographic evidence of the alleged offense because she was married to an operating room assistant.

The State explained that venireperson Shine was challenged peremptorily because all the circumstances surrounding her voir dire questioning indicated more interest and a more responsive attitude toward the defense than toward the prosecution.[1] *See Jones v. State,* 845 S.W.2d 419, 421 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

In rebuttal, the appellant merely expressed belief that the reasons given by the prosecution were remote and insufficient to constitute valid race-neutral reasons for striking the venirepersons in question.

---

1. Although the record reflects a statement by the prosecution that Mrs. Shine had "sat on a civil jury on a banana peel case," appellant completely failed to point out to the trial court how this had any bearing on the *Batson* issue before the court.

Considering the great deference the trial court's findings are entitled to, and because the ultimate burden of persuasion remains at all times with the appellant to prove the existence of purposeful discrimination, we cannot say that the appellant has established that the ruling of the court was clearly erroneous.

The judgment is affirmed.

